**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **XUN WANG** | **CASE NO. 3:26-CV-00140 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## JUDGMENT

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] filed by Petitioner Xun Wang ("Petitioner"), and a Motion to Dismiss for Lack of Jurisdiction [Doc. No. 18] filed by Pamela Bondi, Marcos Charles, Todd M. Lyons, Kristi Noem, and Tim Ducote (collectively "Respondents").

At the time of the Habeas filing, Petitioner was an immigration detainee in Jackson Parish Correctional Center in Jonesboro, Louisiana. On September 29, 2026, Respondents filed a Motion to Dismiss for Lack of Jurisdiction which stated, in pertinent part, that Petitioner "is no longer detained."[1] Respondents also attached Petitioner's Release Notification and Order of Supervision as an exhibit.[2]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes

[1] [Doc. No. 18-1, p. 1].
[2] [Id. at pp. 1–8].

moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.*

This case is moot because this Court cannot grant any effectual relief to Petitioner in his Habeas Petition where he seeks immediate release from custody. An alien who is no longer in custody no longer has a viable habeas claim. *See Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treatises of the United States.").

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Respondents' Motion to Dismiss for Lack of Jurisdiction [Doc. No. 18] is **GRANTED** and the Petitioner's Habeas Petition [Doc. No. 1] is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

MONROE, LOUISIANA, this 1st day of October, 2026.

Terry A. Doughty
United States District Judge